The District Court abused its discretion in sanctioning defendants Kirkpatrick and Resett. Both defendants cooperated in good faith to schedule their depositions, and their depositions went forward on October 24th and 25th, 2017. Now the parties experienced ordinary... After being rescheduled like five times, right? And one of them canceled twice on the day before? Kirkpatrick postponed or canceled twice on the day before, that's right, and Resett postponed once. There were a lot of scheduling difficulties, but nothing out of the ordinary in litigation, I would think. A lot of the scheduling difficulties happened in July, 2017, when the parties were trying to fit in six or seven defendants' depositions over the course of two and a half to three weeks. So it was... It was canceled twice on the day before. It sounds like the counsel went up to Albany, was actually there for them. And even though, I understand what the circumstances were, I'm not questioning that they weren't canceled in good faith. But then when it came to rescheduling them, the argument was Resett is only available on one day, October 11th, only October 11th. That's the only day in October. So again, this is a very deferential standard reviewer here. It's an abuse of discretion for a judge to conclude under those circumstances that if the court had not intervened, that these cancellations would have continued. It was a long history of cancellations and issues. I don't agree with you that this is the normal give and take. Because I know a lot of cases, this is a lot of cancellations. Your Honor is right. It was unusual that Kirkpatrick had to cancel twice the day before. Both were for substantially justified reasons, though. Well, you know, you criticized the court saying, well, it was because of his spouse's medical issues. And that was a quote-unquote error. But in fact, in the email canceling it, it made no reference to that at all. It just said this has to be canceled. And then when the declaration was filed, it doesn't even say that. It says it became personally problematic. So it leads me to believe that it wasn't the spouse's medical issues. It was some other personal reason it was canceled. Or am I missing something? So for Reset, it was because his wife was ill. He made clear in... That was not in the email where it was canceled. It just said he needs to cancel it. There was no reference because his wife is ill. It was just, this has to be canceled. The reference to the many weeks earlier. He had made that reference many weeks earlier in the summer. But Defendant's Counsel on October 6th made reference to that prior representation in an email to Plaintiff's Counsel. This is at page 148 of the record. Even if somebody says my wife is ill or makes various excuses or whatever, it's got to be within the discretion of the district judge not always to credit them if they're rescheduling too much. I mean, is there some principle that we're applying that takes this beyond, you know, the normal case to one where we would intervene to say, no, the district judge did not have discretion to decide that the parties were being too invasive? So first of all... Or you're saying we just have to look at all the details of the excuses they had and when it was scheduled. I mean, is that what we're going to have to do? I mean, we don't do that in every case. No, Your Honor. And this is an extraordinary case. So first of all, there are two different legal tests you could apply. Rule 37D... How is this an extraordinary case? The sanctions were $650 something each. How is it an extraordinary case? I mean, counsel did have to spend time. Counsel was up at all many. How's an abuse of discretion for the trial judge to say you should compensate them? It's not so much a punitive sanction. It's more of a compensatory sanction. Under Rule 37D, those sanctions are appropriate only if failure to appear was not substantially justified. And for Kirkpatrick, the court explicitly recognized that one of his cancellations was justified. In advance of the September 22nd deposition, the court recognized that the cancellation was due to unforeseen and exigent circumstances. And the court never questioned the earlier cancellation on July 25th, which Kirkpatrick had to cancel because he was ill. He had been hoping to attend, but then he was unable to. He decided on July 24th, the day before, that he couldn't attend. Is it reasonable to say after this history of cancellations, for whatever reasons, when you're trying to reschedule it, the only day for October, the entire month of October, I'm available, my clients, you know, available one day. Is that a reasonable position for a lawyer to take without much explanation? After cancelling. There was no reasons given as to why only one day in a whole month. Why couldn't a court say, in light of the history of this, that's pretty unreasonable. And then they had to draft them. I know it was ultimately it was agreed to, but that was only after they had drafted it and emailed it that then there was an agreement. Your Honor's question goes more to bad faith, I think, than Rule 37d. Under 37d, it just matters whether a party failed to appear, whether that failure to appear was substantially justified. Under the bad faith analysis, the court has to make specific findings of bad faith, and there the record of bad faith. That's a heightened standard. The rule doesn't have to be bad. On Rule 37, it's substantially justified or other circumstances make an award of expenses unjust. There's no finding of bad faith. It's just looking at the whole situation, the totality. And as Judge Chin pointed out, saying, you know, this is unfair, that he had to go to Albany twice. The expenses didn't relate to that. It related just to filing the motion. So there doesn't have to be a finding of bad faith under Rule 37. Your Honor's right, and it's very possible that Defendant Resett could have been, you know, could have offered additional dates. Plaintiff's counsel offered dates between September 24th and October 5th or so, and those dates didn't work for Resett. So Resett instead offered October 11th, that being the earliest date they could do the deposition. Now, the close of discovery was scheduled for October 31st, 2017. Why is this such an extraordinary case that we should find that the trial judge abused his discretion? This court in Wilson, the city group made clear that sanctions against parties, orders awarding sanctions must be clear. They must state their reasons. And the district court here did not apply the legal test under either Rule 37D or the court's inherent power. The court never questioned either of Kirkpatrick's reasons for canceling his depositions. One of them, he understood that it was for exigent circumstances. And for Resett, the court ignored evidence in the record showing the reason why he had to cancel. If the court looks at page 137 of the joint appendix, this was a defendant's counsel email to plaintiff's counsel on July 27th. Resett had a difficult schedule in the fall. His wife was going to an inpatient course of treatment. So any date they selected would necessarily be tentative. And in fact, Resett agreed to that October 5th date under the condition that plaintiff's counsel would agree to cooperate with him if it needed to be rescheduled. And to no one's surprise, the October 5th date did become problematic because of his wife's illness. Resett told plaintiff's counsel about that a month before the deposition on September 8th. And then he offered an additional date, October 11th, that being the earliest date he could appear. And eventually he did agree to be deposed on October 25th, 2017, before the court intervened, before plaintiff filed his sanctions motion. So that's why this is an extraordinary case warranting the court's reversal. All right. Thank you. Mr. Glickman? You're on mute. My apologies. Good morning, your honors. This is Leo Glickman for the plaintiff at Pele. Mateo Burks, may it please the court. Since the defendants have referenced a July 27th email, if I may, this is a response to that email on the same day. And it's actually on the docket at ECF 81-18. It was a part of my original motion for sanctions. I just want to read one very short paragraph. Denise is the AAG who was involved at the trial level. Look, Denise, I'm a human being and it's not my intention to make things difficult for people when they are dealing with difficult situations in their personal lives. But to tell me he's quote, out of town, unquote, on the 18th, but can do the 20th, then cancel him, then wait two weeks to confirm a date, which makes no sense for me for next week. Then tell me that he can't be available one single day for two months is a little absurd. It goes on that I had made myself available for three full weeks in the month of July. Your honors, federal rule 37-D3 requires that a party not appearing for a deposition must pay the reasonable fees and expenses associated with the failure to appear. Unless, of course, they can prove to the district court that it was substantially justified. It is clear that the Magistrate Judge Peebles, who knew this case very well, there's a voluminous docket of court interventions, knew this case very well. Do you disagree that Kirkpatrick had an illness and then there really was a serious security issue that he had to attend to? I mean, do you dispute that these are not the real reasons for the rescheduling? Your honor, Judge Menasche, I have no idea. And that's why rule 37-D3 to me makes so much sense. It puts the burden of proof on the party who failed to appear. Because the party who's taking a deposition is never in a position to know whether the reasons for not appearing that are being given are true or false. You know, the Judge Peebles looked- The district judge persuaded that they were not the actual reasons? The Magistrate Judge- Yeah, I'm sorry. I don't mean to correct you. But the Magistrate Judge was- The answer is I don't know. I do know that he- that there was a stark lack of cooperation in scheduling and appearing for these depositions. And that was the basis of- I mean, if these were the real reasons, the illness and the security problem, would those be a substantial justification for rescheduling or for failing to appear at those depositions? They may very well. But, you know, there's a- there's a- but there's also a larger context to this. And that was the- and which was before the court- before this court and was before the magistrate was the repeated last minute changes of scheduling that went on with Kirkpatrick and that was also before the court. So the court took that all into- I mean, I believe they took it- not- I don't just believe. It says he took it into- all that into account in determining that- but for that- but for the judge intervening- So all of this background of scheduling and rescheduling and then you actually schedule it and the person doesn't show up but has a You Honor, I- Was the magistrate judge entitled to take into account all of that other information that you just- No, I absolutely- Questioned just whether the failure to appear at this deposition was substantially justified. No, I absolutely believe he was entitled to take that into- to take the full picture here into account. Your Honor, I believe he was and I believe that was the basis of his finding. And I want to just say, Judge, that it's not a fine. It's frankly just making the plaintiff whole. I understand that. I was using it as a shorthand. I understand that. I understand that, yes. But there is a difference and I think that, you know, I think there's a substantial- there's a real difference because if this was a fine, perhaps there should be a higher standard to me in terms of obtaining those kinds of sanctions. But that's not what happened here. You know, the judge ruled against me also. So, it strikes me that the judge, you know, made a reasonable and balanced decision here, Your Honors. So, I- you know, unless there's other questions, I'll just wrap up. I guess I was. So, just about all the background. So, the plaintiff's deposition took place on July 14th and discovery was supposed to close on August 31st. But then your side was unavailable for the whole month of August, right? Most of August, yes. So, then isn't part of the scheduling difficulty, you know, both sides were pretty difficult about finding a time when they could meet? You are- we- first of all, the plaintiff made himself available for- which is- this is also in the record- for three weeks in June to conduct the plaintiff's deposition and all of the defendant's depositions. Now, the- the- the plaint- the defendants insisted that Mateo Burks had to be deposed before any of the defendants. And that was their prerogative. And they, in fact, went to court, got a court order for that. So, we had to wait. They served interrogatories on the plaintiff in May. And then- and then so when, you know, so obviously that took time to respond to. He's in- I couldn't turn that around in less than 30 days. And so, it could only take place once those interrogatories were completed and they were ready to conduct that deposition. That was when I could start with the defendants. And I gave them the three weeks in June after the originally scheduled June 14th plaintiff's deposition. But that wound up getting postponed because they- in connection with a photo array in which the- they changed the rules the last minute before I left the Great Meadows Correctional Facility. So, that- so, that got postponed, again, I believe, based on, if not a bad faith, a very neglectful conduct on the part of the defendants here. And I had to go to court to for- to enjoin them from doing a photo array outside of my presence. So, your honor, I think that's- that's the backdrop to- to why all of these were supposed to be happening in July. They could have happened in the spring. All right, thank you. We'll hear the rebuttal. You're on- you're on mute. Thank you. I apologize. The record is clear that both defen- both Kirkpatrick and Reset did cooperate to schedule their depositions. In May 2017, when plaintiff first served notices of depositions on defendants, Reset said he was available on the notice date. Kirkpatrick was not, but he provided six alternative dates on which he was available. In July 2017, both defendants made themselves available for depositions. And Kirkpatrick canceled one, but plaintiff's counsel canceled the other for Reset. And then in September and October, because of extenuating circumstances, defendants had to cancel their depositions, but they both cooperated. They both appeared on October 24th and 25th, and they agreed to do so before the court entered the order on October 19th. Now, but all of that doesn't really matter. That goes to a bad faith analysis. Under Rule 37d, the question is whether a defendant or a party failed to appear and whether that failure to And the court didn't question either of Kirkpatrick's reasons for canceling. Didn't question that he was sick on July 25th and agreed that- Did the magistrate judge make a finding that they were substantially justified in canceling at the last minute? The magistrate judge didn't analyze the facts under Rule 37d. He didn't find one way or another whether anything was substantially justified. He did rule that the September 22nd cancellation was not sanctionable, and he didn't award plaintiff's costs for that one, because he did recognize that it was because of unforeseen and exigent circumstances. And for Reset, the court just ignored the reason that Reset gave for his unavailability back in summer 2017, which is the same reason that he became unavailable on October 6th. And this is all in the record. The magistrate judge and the district court have used their discretion in sanctioning Kirkpatrick and Reset despite this record. All right. Thank you both. We will reserve decision.